Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★  ★  ★        ★  ★  ★

## OPINION

No. 04-08-00139-CV

**IN THE MATTER OF THE GUARDIANSHIP OF LEO E. HAHN**,
an Incapacitated Person

From Probate Court No. 2, Bexar County, Texas
Trial Court No. 2007-PC-0408
Honorable Tom Rickhoff, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:    November 5, 2008

AFFIRMED

This appeal arises from the probate court's order, following a jury trial, declaring Leo E. Hahn an incapacitated person and appointing a Guardian With Limited Authority of the Person of Leo E. Hahn. Mr. Hahn's court-appointed appellate attorney filed a brief containing a professional evaluation of the record and demonstrating there are no arguable grounds to be advanced. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). Before addressing whether the appeal is without merit, we must first decide whether the procedure outlined in *Anders* is appropriate or required in appeals from court-ordered guardianships. We conclude that it is.

Under *Anders*, appointed appellate counsel must "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal."

*McCoy v. Court of Appeals*, 486 U.S. 429, 438 (1988); *see also Anders*, 386 U.S. at 744-45. "If, after a conscientious review of the record, counsel concludes that the case is wholly frivolous, he or she may so advise the court of appeals and request permission to withdraw." *In re D.A.S.*, 973 S.W.2d 219, 297 (Tex. 1998); *Anders*, 386 U.S. at 744. However, a request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744. A copy of the brief must be furnished to the indigent client, and the court must allot the client time to raise any issues he or she chooses. *Id.* After counsel files the *Anders* brief, the appellate court must conduct a full examination of all proceedings to decide whether the appeal is wholly frivolous. *Id.* If the court concludes the appeal is frivolous, it may grant appellate counsel's motion to withdraw. *Id.* However, if the court finds any of the legal issues arguable on their merits, and therefore not wholly frivolous, it must either deny counsel's request to withdraw or appoint substitute counsel. *Id.*

"The purpose of *Anders* is twofold." *In re D.A.S.*, 973 S.W.2d at 297. "First, by requiring counsel to conduct a thorough review of the record and to identify any arguable issues, the procedure ensures that indigent criminal defendants receive substantially the same treatment as nonindigent defendants." *Id.* "Second, by providing the appellate court with a brief of any arguable issues, *Anders* assists the appellate court in determining whether the appeal is indeed wholly frivolous." *Id.* "Moreover, *Anders* strikes an important balance between the criminal defendant's constitutional right to counsel on appeal and counsel's obligation not to prosecute frivolous appeals." *Id.*

Recently, Texas courts have applied *Anders* to civil cases. *See In re D.A.S.*, 973 S.W.2d at 299 (applying *Anders* in context of civil juvenile delinquency adjudication); *State of Tex. ex rel. Best Int. & Prot. of L.E.H.*, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (applying

*Anders* in context of temporary mental health services involuntary commitment); *In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio May 21, 2003, no pet.) (applying *Anders* in context of termination of indigent parent's parental rights). However, in *D.A.S.*, the Texas Supreme Court cautioned that its opinion was "not intended to extend *Anders* to all cases in which the Legislature provides the right to counsel on appeal." *Id.* Therefore, in this appeal, we must determine as an issue of first impression whether *Anders* should be extended to an appeal from an order declaring an individual incapacitated and appointing a guardian. Our consideration of this issue is guided by the factors the *D.A.S.* Court believed relevant when it faced the issue of whether *Anders* should be applied to appeals from civil juvenile delinquency adjudications.

First, a person's liberty interest is implicated in guardianship proceedings. A guardian of the person is entitled to take charge of the person of the ward, and has the right to have physical possession of the ward and to establish the ward's legal domicile. *See* TEX. PROB. CODE ANN. § 767(a) (Vernon Supp. 2008). For this reason, "the probate code contains uniform, strict procedural safeguards to protect a person's liberty and property interests before a court may take the drastic action of removing" a person's ability to make his or her own legal decisions. *Saldarriaga v. Saldarriaga,* 121 S.W.3d 493, 499 (Tex. App.—Austin 2003, no pet.). Second, the Texas Legislature has mandated the appointment of an attorney to represent the interests of an individual subject to a guardianship proceeding. *See* TEX. PROB. CODE ANN. § 646(a). Third, although the Probate Code does not provide a statutory right to appointed counsel on appeal following the appointment of a guardian, an "attorney ad litem must exhaust all remedies available to his client and, if necessary, represent his client's interest on appeal." *See Cahill v. Lyda*, 826 S.W.2d 932, 933 (Tex. 1992). Finally, all attorneys, including those appointed to represent a person who is appealing

an order appointing a guardian, are ethically bound to not file a frivolous pleading. Tex. Disciplinary R. Prof'l Conduct 3.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9). We conclude a "procedure akin to *Anders* is necessary . . . to provide a procedural mechanism for counsel to fulfill [his] ethical obligations, to assist the court in deciding appeals, and to provide consistent procedures for all indigent litigants in" appeals from an order declaring an individual incapacitated and appointing a guardian. *In re R.R.*, 2003 WL 21157944, at *4. We therefore hold that when court-appointed counsel concludes an appeal from such an order is frivolous, counsel should file a brief and a motion to withdraw in accordance with the procedures specified in *Nichols v. State,* 954 S.W.2d 83 (Tex. App.—San Antonio 1997, no pet.) (setting forth duties of counsel and appellate court in *Anders* appeals). Here, the procedures in *Nichols* have been satisfied. Mr. Hahn was informed of his right to review the record. Counsel provided Mr. Hahn with a copy of the brief and advised him of his right to file a pro se brief. Mr. Hahn filed a pro se brief.

Because Mr. Hahn filed a pro se brief, we are faced with two options when an *Anders* brief and a subsequent pro se brief are filed. Upon reviewing the entire record, we may determine (1) the appeal is without merit and issue an opinion explaining that there is no reversible error or (2) there are arguable grounds for appeal and remand the cause to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (holding that court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new counsel). Here, we have carefully reviewed the entire appellate record, and we conclude there are no arguable grounds for appeal, there is no reversible error, and the appeal is without merit. *See id.*

Accordingly, we affirm the trial court's judgment, and we GRANT appellate counsel's motion to withdraw. *Nichols,* 954 S.W.2d at 85-86.

Sandee Bryan Marion, Justice