



## MEMORANDUM OPINION

No. 04-12-00132-CV

**IN THE INTEREST OF M.J.L.**, a Child

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2011-02-27955-CV
The Honorable Cathy O. Morris, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  October 3, 2012

MOTION TO WITHDRAW GRANTED; AFFIRMED

Appellant M.V.[1] appeals the trial court's order terminating her parent-child relationship

with her daughter M.J.L.  Appellant's court-appointed appellate attorney filed a motion to

withdraw and a brief containing a professional evaluation of the record demonstrating there are

no arguable grounds to be advanced and concluding the appeal is frivolous.  The brief meets the

requirements of *Anders v. California*, 386 U.S. 738 (1967).  *See In re R.R.*, No. 04-03-00096-

CV, 2003 WL 21157944, *4 (Tex. App.—San Antonio May 21, 2003, order) (applying *Anders*

procedure to appeals from orders terminating parental rights), *disp. on merits*, 2003 WL

22080522 (Tex. App.—San Antonio Sept. 10, 2003, no pet.) (mem. op.).  Appellant was

---

[1] To protect the identity of the minor child, we refer to the mother and child by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2011); TEX. R. APP. P. 9.8.

provided a copy of the brief and informed of her right to review the record and file her own brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio, July 23, 1997, no pet.); *In re R.R.*, 2003 WL 21157944, at *4. In response, appellant filed a pro se letter brief, which primarily complains about her inability to file a full brief on the merits due to her "rudimentary command" of the English language. She also generally asserts her desire to be reunited with her daughter once she is released from incarceration.

When an *Anders* brief and a subsequent pro se brief are filed, the court has two options. *In re Guardianship of Hahn*, 276 S.W.3d 515, 518 (Tex. App.—San Antonio 2008, no pet.). Upon reviewing the entire record, we may determine: (1) the appeal is without merit and issue an opinion explaining that there is no reversible error, or (2) there are arguable grounds for appeal and remand the cause to the trial court for appointment of new appellate counsel. *Id.*; *see Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (holding that court of appeals may address merits of issues raised by pro se only after any arguable grounds have been briefed by new counsel). Here, we have carefully reviewed the entire appellate record, and with great deference to appellant's language skills, we conclude there are no arguable grounds for appeal, there is no reversible error, and the appeal is without merit. *See id.* Specifically, we hold there are no meritorious issues that might be raised, even if appellant were provided an interpreter on appeal. Accordingly, we grant the motion to withdraw and affirm the trial court's order.

Marialyn Barnard, Justice