

NUMBER 13-12-00263-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

IN THE MATTER OF THE GUARDIANSHIP OF EDWIN WEHE,
AN ALLEGED INCAPACITATED PERSON

On appeal from the County Court
of DeWitt County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Vela**

This is an appeal filed by attorney Thomas J. Barry from the trial court's final order in the guardianship proceeding of appellant Edwin Wehe. By four issues, Barry asserts on behalf of Wehe that: (1) the trial court erred by striking his pleadings; (2) the

trial court erred in hearing the application for guardianship the day after Wehe was served with the application; (3) Wehe did not receive effective assistance of trial counsel; and (4) Wehe's nephew, Bobby R. Schley, did not have standing in the case. Because Barry did not have standing or authority to represent Wehe in this appeal, we dismiss this case for lack of jurisdiction.

## I. BACKGROUND

The instant guardianship proceeding began on December 21, 2011, when the Texas Department of Aging and Disability Services ("DADS") filed an application to be appointed as permanent guardian of the person and estate of Wehe pursuant to section 161.101 of the Texas Human Resources Code and section 682 of the Texas Probate Code. *See* TEX. HUM. RES. CODE ANN. § 161.101 (West Supp. 2011); TEX. PROB. CODE ANN. § 682 (West Supp. 2011). According to the application, Wehe was "incapacitated as a result of a mental and physical condition that makes [him] substantially unable to provide food, clothing, or shelter, to care for his own physical health, or to manage his own financial affairs." The application was supported by a physician's certificate of medical examination, which indicated that Wehe, who was at that time approximately eighty years of age, suffered from dementia and that he had "lacked decision making capacity for at least two years."

On December 22, 2011, the trial court appointed attorney Pamela Orsak as attorney ad litem for Wehe. Wehe was served with process in the suit. Orsak filed an original answer to the guardianship proceeding on behalf of Wehe. On March 5, 2012, the clerk of the court notified the parties that the hearing on the application for

2

appointment of a permanent guardian was set for March 20, 2012. On March 6, 2012, DADS filed an amended application for appointment of guardian, identifying relatives of Wehe and including an amended certificate of medical examination, and on March 8, 2012, Wehe's nephew, Bobby R. Schley, also filed an application for appointment of a permanent guardian for Wehe.

The trial court proceeded with the hearing on March 20, 2012, with Orsak, counsel for DADS, counsel for Schley, and Barry appearing. The trial court heard argument and evidence regarding Barry's authority, or lack thereof, to appear in the proceeding on behalf of Wehe, given both that Wehe lacked capacity to contract and that Barry lacked the required certification under the probate code. *See* TEX. PROB. CODE ANN. §§ 646A (West Supp. 2011) (requiring an attorney allegedly retained by a proposed ward in a guardianship matter to be certified in guardianship law and procedure by the State Bar of Texas), 647A (West 2003) (requiring court-appointed attorneys in any guardianship proceeding to be certified in guardianship law and procedure by the State Bar of Texas). Barry conceded his lack of certification, but informed the court that, although he was not being paid for his services, Wehe had requested him to represent him and he was "here on his behalf at his request." The trial court declined to allow Barry to represent Wehe.

The parties stipulated that Wehe was incapacitated, and accordingly, the remainder of the hearing concerned who should be appointed as Wehe's guardian. Shannon Drost, a specialist with Adult Protective Services, and Jesusa Thoman, a guardianship specialist for DADS, testified regarding their findings concerning Wehe's

3

property and the disposition thereof, and Wehe's living conditions. Prior to the guardianship proceeding, Wehe had gifted his caregiver with the surface rights to his ninety-six acre farm and had also sold or gifted some of his cattle. Schley and Wehe also testified regarding Wehe's status and financial condition.

On March 20, 2012, the trial court found, by clear and convincing evidence, that Wehe was incapacitated and appointed DADS as permanent guardian.

On April 19, 2012, Barry filed a notice of appeal purportedly on behalf of Wehe. At that time, the limited record before this Court did not include information regarding Barry's authority, or lack thereof, to prosecute the appeal. On July 11, 2012, Barry filed a motion for extension of time to file his brief in this matter and, shortly thereafter, tendered the brief itself for filing. On July 24, 2012, DADS filed an opposition to appellant's motion for extension of time to file the brief on grounds that Barry did not have standing to represent Wehe "and may not file a Motion or Brief on Mr. Wehe's behalf, or even file the Notice of Appeal."

Given the foregoing sequence of events, we abated the appeal and remanded it to the trial court for it to consider the foregoing matters regarding Barry's standing or legal authority to act as attorney of record for Wehe. We instructed the trial court to issue notice, conduct a hearing, and make and file appropriate findings of fact and conclusions of law. We carried Barry's motion for extension of time to file his brief with the case pending further review of the matters at issue herein.

The Court has now received the supplemental clerk's and reporter's records from the hearing on remand. The trial court made the following findings of fact:

4

1.    Attorney Thomas Barry did not hold the required certification pursuant to Probate Code §§ 646A and 647A at the time of trial, appeal or at the present time.

2.    Mr. Edwin Wehe is an incapacitated person as defined in §601(14) of the Texas Probate Code and did not have capacity to contract.

3.    There is no evidence that Mr. Wehe was dissatisfied with attorney ad litem Pamela Orsak, denied she was his lawyer, or retained Mr. Barry.

The trial court made the following conclusions of law:

1.    Attorney Thomas Barry is not qualified to represent Mr. Edwin Wehe due to lack of certification pursuant to Probate Code §§ 646A and 647A and therefore does not and may not represent him at trial or on appeal.

2.    There is no valid agreement between Mr. Barry and Mr. Wehe to represent Mr. Wehe at trial or appeal because of incapacity.

3.    Mr. Wehe was adequately represented by Attorney Ad Litem, Pamela Orsak, and she performed her duties as required by §647 of the Texas Probate Code.

After the hearing on remand, Barry filed a response to DADS's motion to dismiss, and DADS filed a brief regarding jurisdiction and a reply to Barry's response.   Barry argues that the trial court erred in refusing to allow him to represent Wehe, and DADS contends otherwise.

## II. JURISDICTION

We are obligated to review sua sponte issues affecting our jurisdiction over an appeal.  *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004).   Standing is a component of subject-matter jurisdiction.  *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999); *Martin v. Clinical Pathology Labs., Inc.*, 343 S.W.3d 885, 887–888 (Tex. App.— Dallas 2011, pet. denied); *see also DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299,

5

304 (Tex. 2008) ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it.") (footnote omitted). The issue of standing cannot be waived, and we may examine standing sua sponte if necessary. *See Martin*, 343 S.W.3d at 888; *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993) (noting that standing "may be raised for the first time on appeal by the parties or by the court"). When an appellate court concludes that it does not have jurisdiction over an appeal, it must dismiss the appeal. *M.O. Dental Lab*, 139 S.W.3d at 673.

### III. ANALYSIS

A person's liberty interest is implicated in guardianship proceedings. *In re Guardianship of Hahn*, 276 S.W.3d 515, 517–18 (Tex. App.—San Antonio 2008, no pet.). In addition to other powers and duties, a "guardian of the person" is entitled to take charge of the person of the ward and has the right to have physical possession of the ward and to establish the ward's legal domicile. *See* TEX. PROB. CODE ANN. § 767(a) (West Supp. 2011). For this reason, "the probate code contains uniform, strict procedural safeguards to protect a person's liberty and property interests before a court may take the drastic action of removing" a person's ability to make his or her own legal decisions. *In re Guardianship of Hahn*, 276 S.W.3d at 517; *Saldarriaga v. Saldarriaga*, 121 S.W.3d 493, 499 (Tex. App.—Austin 2003, no pet.). Accordingly, the Texas Legislature has mandated the appointment of an attorney to represent the interests of an individual subject to a guardianship proceeding. *See* TEX. PROB. CODE ANN. § 646(a) (West Supp. 2011). Although the probate code does not provide a statutory right to appointed counsel on appeal following the appointment of a guardian, an attorney ad

6

litem must exhaust all remedies available to his client and, if necessary, represent the client's interest on appeal. *See In re Guardianship of Hahn*, 276 S.W.3d at 517; *see Cahill v. Lyda*, 826 S.W.2d 932, 933 (Tex. 1992).

There is a general presumption that an attorney is acting with authority; however, that presumption is rebuttable. *Breceda v. Whi*, 187 S.W.3d 148, 152 (Tex. App.—El Paso 2006, no pet.); *Kelly v. Murphy*, 630 S.W.2d 759, 761 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.); *see also City of San Antonio v. Aguilar*, 670 S.W.2d 681, 684 (Tex. App.—San Antonio 1984, writ dism'd) ("[A]n attorney who has conducted a case in the trial court is presumed to have authority to pursue an appeal, although this presumption can be rebutted."). The presumption that Barry had authority to represent Wehe when he filed the notice of appeal has been rebutted by the trial court's multiple findings of fact and conclusions of law, which are supported by the record, that Wehe was limited in his representation to acting through his duly court-appointed attorney, Orsak. Barry has neither shown that Wehe had capacity to retain him nor that he had authority to represent Wehe as required to appeal on Wehe's behalf. Further, Barry lacked the requisite certification to appear on Wehe's behalf. We hold, therefore, that Barry lacked standing to bring this appeal. *Breceda*, 187 S.W.3d at 152; *see also Pessarra v. Seidler*, No. 01-06-01035-CV, 2008 Tex. App. LEXIS 5307, at \*\*12–15 (Tex. App.—Houston [1st Dist.] July 17, 2008, pet. denied) (mem. op.).

## IV. CONCLUSION

We dismiss this cause for lack of jurisdiction. Because we conclude that Barry did not have authority to file this appeal and we do not have jurisdiction to consider it,

7

we do not need to address the issues raised in his brief.  *See* TEX. R. APP. P. 47.1.

Appellant's motion for leave to file the brief, which was previously carried with the case,

is likewise dismissed for lack of jurisdiction.

       IT IS SO ORDERED.


                                    ROSE VELA
                                    JUSTICE

Delivered and filed the
25th day of October, 2012.