

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-20-00269-CV**

**IN THE INTEREST OF KRH-B, A CHILD**

---

**From the 220th District Court**
**Hamilton County, Texas**
**Trial Court No. FM06819**

---

## O P I N I O N

---

Charles Blake appeals from a judgment that established paternity to his child, KRH-B, in a proceeding filed by the Office of the Attorney General under Chapter 231 of the Texas Family Code. *See, generally*, TEX. FAM. CODE ANN. Ch. 231. Blake, who is incarcerated and indigent, was appointed counsel on appeal pursuant to Family Code Section 107.021 to assist with various difficulties with prosecuting his appeal of the judgment. *See* TEX. FAM. CODE ANN. § 107.021.

Blake's court-appointed appellate counsel filed a motion to withdraw and a brief in support of his motion pursuant to *Anders v. California. See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). In support of his motion to withdraw, counsel

certified that he conducted a conscientious examination of the record and determined that, in his opinion, the record reflects no potentially plausible basis to support an appeal. Counsel certified that he diligently researched the law applicable to the facts and issues and candidly discussed why, in his professional opinion, the appeal is frivolous. *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has demonstrated he has complied with the requirements of *Anders* by (1) providing a copy of the brief and the record to Blake and (2) notifying him of his right to file a *pro se* response if he desired to do so. *Id.* This Court also advised Blake of his right to file a *pro se* response; however, Blake did not file a response to the *Anders* brief. The brief meets the requirements of *Anders*. However, before we can address whether the appeal is without merit, we must first decide whether the procedure outlined in *Anders* is appropriate in this appeal. We conclude that it is.

Under *Anders*, appointed appellate counsel must "master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal." *McCoy v. Court of Appeals*, 486 U.S. 429, 438, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988); *see also Anders*, 386 U.S. at 744-45. "If, after a conscientious review of the record, counsel concludes that the case is wholly frivolous, he or she may so advise the court of appeals and request permission to withdraw." *In re D.A.S.*, 973 S.W.2d at 297; *Anders*, 386 U.S. at 744. However, a request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal. *Anders*, 386 U.S. at 744. A copy of the brief must be furnished to the indigent client, and the court

must allot the client time to raise any issues he or she chooses. *Id*. After appointed counsel files the *Anders* brief, the appellate court must conduct a full examination of all proceedings to decide whether the appeal is wholly frivolous. *Id*; *see also In re G.P.*, 503 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied).  If the court concludes the appeal is frivolous, it may grant appellate counsel's motion to withdraw.[1] *Id.* However, if the court finds any of the legal issues arguable on their merits, and therefore not wholly frivolous, it must abate the appeal and remand the proceeding to the trial court for the appointment of substitute counsel. *Id*.

*Anders* has been applied to civil cases in various arenas for some time. *See In re D.A.S.*, 973 S.W.2d at 299 (applying *Anders* in context of civil juvenile delinquency adjudication); *In re Guardianship of Hahn*, 276 S.W.3d 515, 518 (Tex. App.—San Antonio 2008, no pet.) (adopting *Anders* procedure in probate appeal); *State of Tex. ex rel. Best Int. & Prot. of L.E.H.*, 228 S.W.3d 219, 220 (Tex. App.—San Antonio 2007, no pet.) (applying *Anders* in context of temporary mental health services involuntary commitment); *In re R.R.*, No. 04-03-00096-CV, 2003 Tex. App. LEXIS 4283, 2003 WL 21157944, at *4 (Tex.

---

[1] This process is distinguished from appeals from terminations of parental rights, where counsel is appointed pursuant to Family Code Section 107.013. In those proceedings, a motion to withdraw is not appropriate absent good cause outside of the filing of the *Anders* brief because Family Code Section 107.016 requires counsel appointed pursuant to Section 107.013 to continue representation until all appeals are exhausted, which has been construed to include the filing of a petition for review with the Texas Supreme Court. *See* TEX. FAM. CODE ANN. § 107.016; *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam). Section 107.016 does not refer to appointments pursuant to Section 107.021, therefore, we find that the motion to withdraw pursuant to *Anders* is the proper mechanism for counsel to use to bring the appointment to a conclusion.

App.—San Antonio May 21, 2003, no pet.) (applying *Anders* in context of termination of indigent parent's parental rights). We recognize that in *In re D.A.S.*, the Texas Supreme Court cautioned that its opinion was "not intended to extend *Anders* to all cases in which the Legislature provides the right to counsel on appeal." *In re D.A.S.*, 973 S.W.2d at 298.

This proceeding is somewhat unique in that counsel was appointed to represent Blake during the middle of the appellate process due to various procedural issues with prosecuting the appeal. In the interest of justice and attempting to balance the due process rights of each of the parents and the child, this Court sought the appointment of counsel to aid Blake in prosecuting the appeal pursuant to Family Code Section 107.021.[2] The trial court did appoint counsel, and that counsel did undertake the representation of Blake. In his review of the proceedings, his appointed counsel determined that there were no meritorious issues that he could raise with this Court, and therefore he filed the motion to withdraw accompanied by the *Anders* brief in support.

We recognize that all attorneys, including those appointed to represent a person who is appealing a judgment, are ethically bound to not file a frivolous pleading. TEX. DISCIPLINARY RULES. PROF'L CONDUCT R. 3.01, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9). We conclude that appointed counsel's use of the *Anders* procedure in this proceeding was proper to provide a procedural

---

[2] This appeal has been made even more complicated because the location of the mother of the child is unknown. The trial court clerk's notice of the entry of the final judgment was returned to the trial court and could not be forwarded because the addressee was unknown.

mechanism for appointed counsel to fulfill his ethical obligations not to file a frivolous document and to assist this Court in being able to decide this appeal.

Counsel's brief discusses the facts, procedural history, and the sufficiency of the evidence relating to potential issues and why those issues are not meritorious. This includes issues raised by Blake to the trial court throughout the pendency of the proceedings before the trial court, including his desire to personally appear in the proceedings and repeated requests for the appointment of counsel prior to the entry of the final judgment. We conclude that counsel's brief contains a professional evaluation of the record, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744.

Having carefully reviewed the entire record and the *Anders* brief, we have determined that this appeal is frivolous. *See In re G.P.*, 503 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied). Accordingly, we affirm the trial court's judgment and grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to: (1) send a copy of the opinion and judgment to Blake; (2) advise Blake of his right to pursue a petition for review in the Texas Supreme Court; and (3) notify this Court of counsel's compliance when he has done so. *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed April 27, 2022
[CV06]

