**Janice F. CLEERE, Vonda LaRue Gallagher and Billy Joe Blaylock, Appellants,**

v.

**John Gerald BLAYLOCK, Appellee.**

No. 20275.

Court of Civil Appeals of Texas, Dallas.

June 4, 1980.

Rehearing Denied Aug. 6, 1980.

Paul W. Pearson, Dallas, for appellants.

Jack Stuart Cole, Dallas, for appellee.

Before ROBERTSON, CARVER and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This appeal is from a judgment denying specific performance of an alleged agreement, concerning disposition of an estate, made by the parties' attorneys in open court and dictated into the record. Janice Cleere, Vonda LaRue Gallagher, and Billy Joe Blaylock contend that the court erred in its determination that the agreement was not made with the authority of John G. Blaylock, appellee. We affirm.

This suit concerns the estate of George F. Blaylock, deceased. In a proceeding to probate his will, appellants' attorney advised the court that the parties had entered into an agreement and dictated its terms into the record. Appellee's attorney then told the court that he had the authority of his client to bind him in the agreement. The court stated that the agreement would not be reduced to writing unless it was absolutely necessary. No judgment or order was ever entered on this agreement.

Appellants later brought suit to enforce this agreement, alleging that an agreement was made at the hearing by and through the respective attorneys of the parties and that appellants performed the agreement but appellee has failed to comply with the terms of the agreement. They also alleged that appellee refused to sign the written copy of the agreement. The court denied enforcement of the agreement, finding in the judgment that appellee had not consented to the agreement and that appellee's former attorney did not have the authority of his client to make the agreement.

Appellants contend that the court erred in receiving evidence concerning appellee's former counsel's lack of authority to bind him to the agreement, and that the court's findings in the judgment on consent and authority were not supported by sufficient evidence. Their first argument is based on the contention that appellee had the burden

of pleading and proving the attorney's lack of authority to make this agreement under Tex.R.Civ.P. 93(h) and 94; and, in the absence of pleading, the court could not consider any evidence on the issue.

Rule 93(h) requires a party who pleads denial of the execution by himself or his agent of an instrument in writing, to verify the pleading by affidavit. The question is whether this is an executed instrument in writing which requires such a sworn denial. Appellants rely on several cases, particularly *Fail v. Lee*, 535 S.W.2d 203, 206 (Tex.Civ. App.–Fort Worth 1976, no writ), for their argument that appellee had to plead and swear to this defense. Neither that case, nor other cases cited by appellants, concern an agreement dictated into the record at trial. In contrast, these cases concern instruments in writing such as written offers in letters and contracts.

■ We conclude that the alleged agreement here is not an executed written instrument contemplated by rule 93(h). It *was an agreement entered into in open court by the attorneys and dictated into the record.* Although the alleged agreement was reduced to writing, it was never signed by the parties. Thus, this is not a situation in which the defendant is required to plead that an agent had no authority to execute an instrument in writing on his behalf.

■ Furthermore, this is not an affirmative defense that appellee was required to plead under Tex.R.Civ.P. 94. In the absence of a written executed agreement, he did not have to plead the lack of authority of his agent. In fact, the one relying on the authority of an agent is generally required to plead the facts relating to that contention. *See F. M. Stigler, Inc. v. H.N.C. Realty Co.*, 595 S.W.2d 158, 163 (Tex.Civ.App.–Dallas 1980, writ filed); *Hotel Longview v. Pittman*, 276 S.W.2d 915, 919 (Tex.Civ. App.–Texarkana 1955, writ ref'd n. r. e.).

Appellants next argue that the evidence was insufficient to show that appellee's former attorney did not have authority to make this agreement. Appellee's former attorney testified that he believed that ap-

pellee had given him authority to enter into the agreement, but that he was "very emotionally distraught, very upset, and I think, as best as he could under the circumstances, he did understand." Appellee was not present in the courtroom when the agreement was dictated into the record. Appellee testified that the agreement entered into was not the agreement he intended to ˙ enter into and, later, that it was not his agreement. He also testified that he would have been unable to make an agreement that day. In this respect, his testimony was that he was on medication and that he was so upset he could not have been rational enough to make a decision authorizing the agreement because his brothers and sisters had turned on him. Further, he testified that he never succeeded in seeing the judge that day in spite of repeated demands made to his lawyer. His wife testified that her husband kept telling his lawyer "no, no," when asked to agree to anything, that her husband was having heart pains that day, and that they were ushered out into the elevator and left the courthouse.

■ Generally, the court will indulge in every reasonable presumption to support a compromise agreement made by an attorney. *Fail v. Lee*, 535 S.W.2d at 208; *Walden v. Sanger*, 250 S.W.2d 312, 316 (Tex.Civ. App.–Austin 1952, no writ); *Applewhite v. Sessions*, 131 S.W.2d 310, 304 (Tex.Civ. App.–El Paso 1939, writ dism'd judgmt cor.). When the evidence reveals that the attorney did not have his client's authority, however, the agreement will not be enforced. *McMillan v. McMillan*, 72 S.W.2d 611, 612 (Tex.Civ.App.–Dallas 1934, no writ).

■ The evidence here is sufficient to show that appellee's former attorney did not have the authority to make the agreement. Appellee was not in the courtroom when the agreement was made, and he testified that he did not intend to make the agreement or believe that anything happened after he was "manhandled out to the elevator," prior to the time the agreement was dictated into the record. His own attorney testified that although he believed

his client wanted to make the agreement, he could not say he was rational that day. Furthermore, the dictated agreement was never reduced to writing and signed by the parties, which would show appellee's consent. Consequently, the trial judge correctly denied enforcement of this alleged agreement.

Affirmed.