**Jose Dahul BRECEDA and Maria De Jesus Reyes, Appellants,**

v.

**Jangwoo WHI and Hyangran Whi, Appellees.**

No. 08–04–00376–CV.

Court of Appeals of Texas, El Paso.

Jan. 26, 2006.

149

See also 2005 WL 552164.

Ray Gutierrez, El Paso, for Appellants.

Robert Gilbert, Gilbert, Coffey & Hobson, P.C., El Paso, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal of a trial court's order granting summary judgment enforcing a settlement agreement in favor of Appellees. The underlying suit alleged violations of the Texas Deceptive Trade Practices Act and breach of contract arising out of a commercial lease. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In May of 2004, Jangwoo and Hyangran Whi sued Jose Dahul Breceda and Maria de Jesus Reyes alleging violations of the Texas Deceptive Trade Practices Act, and breach of contract arising out of a commercial lease between Mr. and Mrs. Whi, and Mr. Breceda and Ms. Reyes. The parties had signed a commercial lease for the property located at 523 El Paso Street in El Paso, Texas. The lease indicated that Mr. and Mrs. Whi would gain access to the property on February 1, 2004 and there would be a payment of $5,000 per month with gradual increases of $8,000 and $9,000 for ten years. Prior to making any improvements on the property, Mr. and Mrs. Whi were to obtain written approval from the landlords, Mr. Breceda and Ms. Reyes.

On October 26, 2004, the parties engaged in mediation as instructed by the trial court. Present at the mediation were Ms. Reyes, Mr. Whi, Mr. and Mrs. Whi's attorney Robert G. Gilbert, and Mr. Breceda's and Ms. Reyes's attorney, Mr. Ray Gutierrez. The parties reached a settlement and the agreement was written and signed by the parties. The agreement contains the signatures of Mr. Whi, Mr. Gilbert on behalf of the plaintiffs/appellees, Mr. Gutierrez on behalf of the defendants/appellants, and Ms. Reyes. The mediated settlement agreement reads as follows:

Plaintiffs, Jangwoo Whi and Hyangran Whi, in full settlement of their claims

against Defendants, Jose Dahul Breceda and Maria De Jesus Reyes, agree to pay to defendants the amount of $8,500.00 no later than Monday, November 8, 2004 at 5:00 p.m. in the form of a cashier's check or bank draft, delivered to the Law Office of Ray Gutierrez at 1017 Montana Ave., El Paso, Texas 79902.

The parties (Plaintiffs and Defendants) agree to pay their own individual electric bills set up by separate meters until the Plaintiffs take full possession of the building as per the terms of the lease signed by the parties on January 22 & 23, 2004.

This mediated settlement settles any and all claims, litigation, disputes, arguments and complaints in whatever court or jurisdiction arising by the parties up to this date concerning the lease mentioned above.

Other than any amendments listed in this mediated settlement, the lease in question that is the subject of this matter shall continue in full force and effect.

On November 8, 2004, Mr. Gilbert contacted Mr. Gutierrez, who told him to refrain from preparing any documents or taking any action to fulfill the terms of the mediated settlement agreement because Mr. Breceda was repudiating the agreement. On November 17, 2004, Mr. and Mrs. Whi filed a motion for summary judgment asserting that they were entitled to a summary judgment as a matter of law based on the mediated settlement agreement reached on October 26, 2004. Attached to the motion for summary judgment was an affidavit of Mr. Gilbert. In his affidavit, counsel indicated that Mr. Gutierrez had served as a translator for Ms. Reyes. He also stated that the mediator had asked both parties if they were fully capable of binding their respective parties to the terms of a mediated settlement agreement and both Mr. Whi and

Ms. Breceda stated that they were. The Rules for Mediation also contained the signatures of all parties present as a manifestation of their understanding and acceptance of the Rules. In their response to the motion for summary judgment, Appellants do not bring forth any evidence. They instead argue the same points raised on this appeal.

On December 15, 2004, the trial court held a hearing on the motion for summary judgment filed by the Appellees. The trial court granted the summary judgment and entered a final judgment. Thereafter, Appellants filed their notice of appeal.

## II.  DISCUSSION

In Issue No. One, Appellants assert that summary judgment was improperly granted against them because a fact issue existed as to whether the Rule 11 requirements were met and as to other events surrounding the mediation meeting. Specifically, Appellants assert that a certified interpreter was not present to translate the meeting and related documents to Spanish for Ms. Reyes; not all parties of the disputed lease agreement were present; and finally, that in the absence of Mr. Breceda's presence, no documents were signed either granting Ms. Reyes power of attorney or authority to sign as an agent on his behalf. In Issue No. Two, Appellants continue to advance their argument presented in Issue No. One with regard to the validity of the settlement agreement in the absence of Mr. Breceda's signature. Insofar as Appellants have elected not to distinguish their discussions of Issue Nos. One and Two, we address their issues together. We likewise will dispose of both issues simultaneously.

### Standard of Review

The function of the summary judgment is not the deprivation of a party's right to

full hearing on the merits of any real issue of fact but "is the 'elimination of patently unmeritorious claims or untenable defenses.'" *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex.1972) (*quoting Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952)). To prevail on a traditional motion for summary judgment, a party must conclusively establish that there is no genuine issue of material fact and show that it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the summary judgment proof. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982). When reviewing whether there is a fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, and every reasonable inference or any doubt must be indulged in favor of the nonmovant. *See Nixon*, 690 S.W.2d at 548–49. The trial court did not specify the ground on which it relied in granting summary judgment; therefore, the summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

■ We begin with Appellants' assertion that without Mr. Breceda's signature, the mediated settlement agreement was not valid. In so doing, we take note of the well-settled law defining the attorney-client relationship.

■ The attorney-client relationship is one of agent and principal; the acts of the former ordinarily binds the latter. *Texas Emp. Ins. v. Wermske*, 162 Tex. 540, 349 S.W.2d 90, 93 (Tex.1961); *American Home Assur. Co. v. Rodriguez*, 749

S.W.2d 897, 899 (Tex.App.-San Antonio 1988, no pet.). Generally, within these roles, every reasonable presumption is to be indulged in favor of the attorney duly employed. *Ebner v. First State Bank of Smithville*, 27 S.W.3d 287, 300 (Tex.App.-Austin 2000, pet. denied); *see also Webb v. Webb*, 602 S.W.2d 127, 129 (Tex.Civ.App.-Austin 1980, no writ); *Cleere v. Blaylock*, 605 S.W.2d 294, 296 (Tex.Civ.App.-Dallas 1980, no writ). The most important presumption of agency is that the agent acts in accordance with the wishes of the principal. However, when the evidence reveals that the attorney did not have the client's authority to agree, the agreement will not be enforced. *Ebner*, 27 S.W.3d at 300; *see Cleere*, 605 S.W.2d at 296; *see also Kelly v. Murphy*, 630 S.W.2d 759, 761 (Tex.App.-Houston [1st Dist.] 1982, writ ref'd n.r.e.) (although attorney is presumed to be acting within authority given by clients, presumption is rebuttable); *Southwestern Bell Tel. Co. v. Vidrine*, 610 S.W.2d 803, 805 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.) ("mere employment of counsel does not clothe the counsel with authority to settle the cause without the specific consent of the client"). Thus, the presumption of authority of the attorney is a rebuttable one.

Here, the thrust of Appellants' argument invalidating the settlement agreement focuses on the fact that Mr. Breceda did not provide Ms. Reyes with either power of attorney or designate her as his agent. However, the settlement agreement not only reflects the signature of Ms. Reyes, but more importantly, it also contains the signature of Mr. Gutierrez, Appellants' counsel. The focus is thus misplaced. Whether Ms. Reyes was designated as Mr. Breceda's agent or had power of attorney to sign on behalf of Mr. Breceda is irrelevant in this case. The summary judgment evidence shows no in-

dication that Appellants were in any way forced or misled into the agreement. Ordinary care dictates that Appellants and their attorney discuss all the implications of their decision. Without any indication that Appellants' counsel acted outside the scope of his authority as their attorney, Mr. Gutierrez is presumed to have been acting within his authority. The summary judgment evidence before this Court does not rebut the presumption that Mr. Gutierrez's actions were under the direction of Mr. Breceda.

Furthermore, Appellants claim that a certified translator was not provided during the mediation and in so doing, imply Ms. Reyes did not understand what she was agreeing to. However, this line of argument does not excuse Mr. Breceda from being bound by the agreement. Additionally, Appellants contend that the agreement was not valid because not all the parties were present. First, as was discussed above, Appellants' counsel was present at the mediation. Second, the record shows that Mr. Gutierrez was translating the conversations and all pertinent documents throughout the mediation. There is no indication that Ms. Reyes requested a certified translator or did not understand what was going on. Instead, the record indicates that Mr. Donald L. Williams, acting as mediator, read the Rules for Mediation and asked if each of the parties understood fully the content of the rules. There is no proof of any objection made, but rather the record contains the Rules for Mediation signed by all parties present at the mediation, including Ms. Reyes's signature, indicating they understood the rules. Moreover, Appellants do not cite to any case law requiring a certified translator to be present at the mediation and we also fail to find any support for such requirement. Simply what occurred here was Appellants reached an agreement with Appellees through their attorney.

Appellants also assert the trial court erred in granting summary judgment against them because the Rule 11 requirements were not met. Appellants fail to specifically point to which Rule 11 requirements were not met. In the context of the trial court's granting Appellees' motion for summary judgment, we examine both the written agreement and the record to determine if, as a matter of law, a valid Rule 11 agreement exists between the parties. Texas Rule of Civil Procedure 11 provides as follows:

> Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record.

*See* TEX.R. CIV. P. 11. Rule 11 exists because verbal agreements of counsel respecting the disposition of cases are very likely to be misconstrued and forgotten and to lead to misunderstandings and controversies. *See Padilla v. LaFrance,* 907 S.W.2d 454, 460 (Tex.1995). A settlement agreement must comply with Rule 11 to be enforceable. *Kennedy v. Hyde,* 682 S.W.2d 525, 528 (Tex.1984).

An agreement involving pending litigation may comply with Rule 11 in either of two ways: (1) be in writing, signed, and filed with the papers as part of the court's record or (2) be made in open court and entered of record. *See* TEX.R. CIV. P. 11. These two provisions allow the agreement to be put into written form and kept with the court's records so that the parties to the suit cannot dispute its existence or contents. *Kosowska v. Khan,* 929 S.W.2d 505, 507 (Tex.App.-San Antonio 1996, writ denied). Rule 11 does not require the writing to be filed before consent is withdrawn by one of the parties, but merely requires the agreement be filed

before anyone seeks to enforce it. *Padilla v. LaFrance,* 907 S.W.2d 454 (Tex.1995). A settlement agreement attached as an exhibit to a motion for summary judgment sufficiently complies with the filing with the papers as part of the court's record requirement. *See Jones v. American Motorists Ins. Co.,* 769 S.W.2d 617, 618–19 (Tex.App.-Houston [14th Dist.] 1989, no writ).

The summary judgment evidence brought forth by the Appellees indicates that the settlement agreement was in writing, signed, and was filed when it was attached to the summary judgment evidence as an exhibit. The agreement complied with Rule 11 requirements. Appellants have failed to bring forth any evidence in the contrary. Therefore, we hold that as a matter of law, the settlement agreement met the Rule 11 requirements and was a valid agreement. As such, we overrule Issue Nos. One and Two in their entirety.

Having overruled each of Appellants' issues on review, we affirm the judgment of the trial court.