

# NUMBER 13-13-00552-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**NOLANA OPEN MRI CENTER, INC.,**          **Appellant,**

**v.**

**GUILLERMO R. PECHERO, M.D.,**
**RUBEN D. PECHERO, M.D., AND**
**MAPLESTAR ORTHOPEDICS, P.A.,**          **Appellees.**

---

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Nolana Open MRI Center, Inc. ("Nolana") attempts to appeal a judgment rendered

against it in favor of appellees, Guillermo R. Pechero, M.D., Ruben D. Pechero, M.D.,

and Maplestar Orthopedics, P.A. ("Maplestar"), following a bench trial.   On February 27,

2014, appellees filed a motion to show authority through which they contend that counsel for appellant lacks the authority to bring this appeal. On March 13, 2014, Nolana filed a response to the motion, and, on March 19, 2014, appellees filed a reply brief in support of their motion to show authority. This Court abated and remanded this matter to the trial court in order for it to consider the foregoing matters regarding the legal authority of Nolana's counsel to act as attorney of record for Nolana and to file a notice of appeal on its behalf. After reviewing the trial court's findings of fact and conclusions of law, we dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

According to the live pleadings, on or about February 1, 2008, Jose Castro d/b/a JD Surgical Associates purchased the assets of Nolana, a medical facility that performed magnetic resonance imaging ("MRI") tests, from appellees, Ruben Pechero, M.D. and Guillermo Pechero, M.D. The assets included the goods, furniture, fixtures, equipment, all existing contracts, the center, license, accounts receivable, names and client lists, the name, and company stock. The only asset that was specifically excluded from the purchase was the magnetic resonance imaging ("MRI) machine, and it appears that Castro agreed to rent the MRI machine from Ruben and Guillermo. According to Castro, Ruben and Guillermo promised to refer their patients to Nolana and represented that the revenue from these referrals would be more than sufficient to cover the costs to rent the MRI Machine. Shortly thereafter, Castro made Agustin "Gus" Garcia an equal partner in the business.

After the sale, Ruben and Guillermo began referring worker's compensation patients, attorney-referred patients, and Medicare/Medicaid patients to Nolana in accord with the alleged agreement. For patients that had been referred by attorneys, Nolana entered into letters of protection with the attorneys that represented the injured patients. Nolana asserted that Ruben and Guillermo contacted the referring attorneys and instructed them that payments owed to Nolana be paid to them. Nolana did not receive any payments for the attorney-referred patients and questioned Ruben; Ruben responded "that is my money." In November 2010, Ruben and Guillermo stopped referring patients to Nolana.

In July 2008, the MRI machine became non-functional. That same month, Nolana and Maplestar, an entity owned and operated by Guillermo, entered into an agreement whereby Maplestar would lease a MRI machine to Nolana for $20,000.00 to $25,000.00 a month. After signing the lease agreement, Castro and Garcia became concerned that the agreement might be "invalid" and did not pay the lease price for the machine, but instead paid "approximately $60,000.00 which it believed would be a more accurate estimate of the true rental value of the MRI Equipment."

Nolana brought suit against Guillermo, Ruben, and Maplestar alleging that they had engaged in a civil conspiracy, or were jointly and severally liable, for fraudulent inducement, conversion, violations of the Theft Liability Act, *see* TEX. PEN. CODE ANN. § 31.03 (West, Westlaw through 2013 3d C.S.), and tortious interference with contract. Nolana sought declaratory judgment regarding its rights under the equipment rental agreement with Maplestar and further sought actual and exemplary damages.

3

Maplestar answered and counterclaimed against Nolana on grounds that Nolana failed to pay Maplestar the rental payments for the leased MRI machine. Maplestar brought causes of action for breach of contract, quantum meruit, unjust enrichment, promissory estoppel, conversion, and negligence. Maplestar asserted that Nolana's lawsuit was frivolous.

Ruben filed a third party petition against Agustin "Gus" Garcia and Joe Castro alleging that he served as a guaranty for their "purchase" of an MRI machine and that, despite their promises, they failed to pay for the MRI machine.

Guillermo and Ruben also filed a counterclaim against Nolana. According to their counterclaim, Ruben owned the office space occupied by Nolana. Ruben thus counterclaimed against Nolana for breach of lease and quantum meruit. Both Guillermo and Ruben alleged that Nolana's lawsuit was frivolous and brought in bad faith and for the purpose of harassment.

The case was originally set for trial on April 15, 2013, but was reset until April 18, 2013. The transcript of the hearing held on April 15, 2013 shows that the defendants had filed an emergency motion to show authority on grounds that Nolana was unrepresented by counsel and was not in good standing with the State of Texas. At the hearing, Castro testified that he and Garcia each owned fifty percent of Nolana and that they were the two directors for Nolana. Castro testified that he had settled his claims with the defendants and, as part of that agreement, agreed to grant the defendants a limited power of attorney authorizing and directing the defendants to vote Castro's 50 percent interest in Nolana to oppose the prosecution or defense of the lawsuit.

4

On April 18, 2013, Guillermo, Ruben, and Maple Star filed a "Bench Brief in Support of Emergency Motion to Show Authority" alleging:

1. On April 15, 2013, the above matter was called for final trial on the merits. Defendants were present and appeared by and through their attorneys. Jose Castro ("Castro") and Agustin Garcia ("Garcia"), the principals of Plaintiff Nolana Open MRI Center, Inc. ("Nolana Open MRI"), were present in the courtroom when the case was called. Castro and Garcia each claim to own a 50 percent interest in Nolana Open MRI and that they are the only directors of the company. At the time the case was called, Garcia announced to the Court that his attorney, Jesus Villalobos, would be arriving in the courtroom shortly to make an appearance in this matter. Mr. Villalobos represents Garcia, individually, in other pending lawsuits involving claims by Garcia against Defendants Guillermo R. Pechero and Ruben D. Pechero. At that time, Defendants' counsel announced that Nolana Open MRI had not complied with its franchise tax requirements and was not in good standing with the Texas Comptroller's Office meaning that Nolana Open MRI could not prosecute or defend its claims in this cause and that Nolana Open MRI had no authority to retain new counsel. The Court decided to recall the case once Mr. Villalobos arrived in the courtroom.

2. At that time the case was re-called, Mr. Villalobos announced that he had just been contacted by Garcia to represent Nolana Open MRI in the matter and that he needed additional time to get acquainted with the case. Counsel for Defendants again announced to the Court that Nolana Open MRI was not in good standing for failure to meet its franchise tax requirements. Counsel also announced that Castro had settled with Defendants and, as part of the settlement agreement, had granted Defendants a limited power of attorney to vote his 50 percent interest in the company on any litigation matters, including: (i) opposing the prosecution or defense of the Lawsuit by Nolana Open MRI; (ii) opposing Nolana Open MRI's retention of new counsel in the Lawsuit; (iii) opposing any request for a continuance by Nolana Open MRI of any hearing and/or the trial in the Lawsuit; (iv) opposing the filing of any post-judgment motions, appeals, mandamus petitions and bills of review by Nolana Open MRI of matters in the Lawsuit; (v) opposing reinstatement of Nolana Open MRI with the Texas Secretary of State or Texas Comptroller's Office; and (vii) in any other manner Defendants may desire as it relates in any way to the Lawsuit. At that time, Defendants also filed their Emergency Motion to Show Authority and presented it to the Court. Mr. Villalobos then requested a brief recess to review the motion and the settlement agreement and to discuss the

5

matter with Garcia and Castro. Defendants incorporate herein by reference their Emergency Motion to Show Authority filed April 15, 2013.

3. After the recess, the case was re-called and Mr. Villalobos announced that he was appearing as counsel for Nolana Open MRI. Mr. Villalobos also announced that the company had been reinstated by Garcia, who purportedly used his personal credit card to pay the amounts owed on the franchise taxes. No evidence of the transaction was offered to the Court. Defendants' counsel again urged the Emergency Motion to Show Authority on grounds that Mr. Villalobos had not shown that he was authorized to represent Nolana Open MRI because there were no resolutions, minutes or contracts approving his representation; there was no documentation showing that Nolana Open MRI was in good standing to prosecute or defend its claims; and that pursuant to the Settlement Agreement between Defendants and Castro, Garcia could not unilaterally act on behalf of Nolana Open MRI and retain Mr. Villalobos as counsel and/or reinstate the company. Counsel also pointed out that Mr. Villalobos had not filed a Notice of Appearance or any other written pleading appearing on behalf of Nolana Open MRI.

4. Mr. Villalobos requested additional time in which to research and brief the issue of whether he could represent Nolana Open MRI in this cause. Before the conclusion of the hearing, the attorneys were allowed to examine Castro regarding his settlement agreement with the Defendants. Castro confirmed that he had granted Defendants a limited power of attorney on litigation matters. Exhibit "B", Transcript of Hearing on April 15, 2013. The Court reset the trial in the cause to April 18, 2013 and ordered that Defendant's Emergency Motion to Show Authority be considered at that time.

5. On April 16, 2013, attorney Raul Medina filed an Appearance of Counsel on behalf of Nolana Open MRI. The appearance is signed by Mr. Medina and on behalf of Jesus Villalobos of the law firm of Villalobos & Villalobos. See Exhibit "C", Appearance of Counsel. For the same reasons that Mr. Villalobos cannot show his authority to represent Nolana Open MRI, Mr. Medina cannot show he is authorized to represent the company in this cause. Defendants submit this Brief in Support of its Emergency Motion to Show Authority for the Court's consideration.

On April 18, 2013, the trial court convened. Counsel for Nolana stated on the record that he concurred with opposing counsel that Garcia was "not involved in this case in any manner," and "[h]e's not an owner." Because he is not an owner, "he can't hire

6

someone." "And as a result, Mr. Medina and I are asking the Court to allow us to withdraw from this." Medina confirmed that they had concluded that the Pecheros did not sell Nolana and there was never a transfer of ownership. "Mr. Garcia has no business here. And he has no business in hiring us to represent another corporation. So, we mistakenly filed a notice of appearance believing that there was authority. I agree with them. There isn't, and we're asking to be allowed to withdraw, both myself and Mr. Medina." The trial court granted counsel's motion to withdraw and dismissed the motion to show authority as moot.[1]

On April 18, 2013, the Texas Comptroller of Public Accounts issued a "Certificate of Account Status" showing the Nolana Open MRI Center, Inc. was "not in good standing as it has not satisfied all franchise tax requirements." This document shows the taxpayer number as 17428864056.

The Final Judgment rendered on April 18, 2013 in this case provides:

> On April 15, 2013, this case was called for trial. After hearing arguments of counsel, the Court recessed the trial and reconvened the trial on April 18, 2013. Defendants/Counter-Plaintiffs Guillermo R. Pechero, M.D. ("Guillermo Pechero"), Ruben D. Pechero, M.D. ("Ruben Pechero"), and Maple Star Orthopedics, P.A. appeared by and through their counsel of record, having announced ready for trial. Plaintiff/Counter-Defendant Nolana Open MRI Center, Inc., although given proper and adequate notice of trial, failed to appear. Although Nolana Open MRI Center, Inc. requested a jury, the jury fee has not been paid and the Court proceeded to determine all fact questions. The record contains conflicting information whether Nolana Open MRI Center, Inc. is in good standing with the State of Texas. The Court resolves the conflict by finding Nolana Open MRI Center, Inc. was not in good standing as of April 15, 2013, when this case was called for trial. The Court determined it had jurisdiction over the subject matter and the parties in this proceeding. The Court took judicial

---

[1] Upon appeal, counsel for Nolana stated that "Nolana did not participate in the trial of this case on April 18, 2013 because the trial court erroneously ruled without hearing evidence that Appellant had lost its right to do business in Texas and would not allow [its] counsel to participate."

notice of all documents in its file and of all proceedings in this cause and—after considering the pleadings and official records on file in this cause and the evidence presented by Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. on liability, actual damages, exemplary damages and attorney's fees—finds that judgment should be rendered for Guillermo Pechero, Ruben Pechero, and Maple Star against Nolana Open MRI Center, Inc.

It is, therefore, ORDERED, ADJUDGED and DECREED that Maple Star Orthopedics, P.A. have and recover judgment against Nolana Open MRI Center, Inc. in the amount of Five Hundred Forty Seven Thousand Three Hundred Dollars and 00/100 ($547,300.00); and

It is further ORDERED, ADJUDGED and DECREED that Maple Star Orthopedics, P.A. have and recover judgment against Nolana Open MRI Center, Inc. exemplary damages in the amount of Five Hundred Thousand Dollars and 00/100 ($500,000.00) based on clear and convincing evidence that Nolana Open MRI Center, Inc., acting through its principals, collected and converted for personal use thousands of dollars of accounts receivable in repeated violation of this Court's Temporary Restraining Order, Temporary Injunction Order, and Amended Temporary Injunction Order and the Texas Civil Theft Act; and

It is further ORDERED, ADJUDGED and DECREED that Ruben Pechero have and recover judgment against Nolana Open MRI Center, Inc. in the amount of Three Hundred Seventy Three Thousand Eight Hundred Ninety-One Dollars and 81/100 ($373,891.81); and

It is further ORDERED, ADJUDGED and DECREED that Ruben Pechero have and recover judgment against Nolana Open MRI Center, Inc. exemplary damages in the amount of Five Hundred Thousand Dollars and 00/100 ($500,000.00) based on clear and convincing evidence that Nolana Open MRI Center, Inc. converted tangible personal property belonging to Ruben Pechero in violation of the Texas Civil Theft Act; and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero have and recover judgment against Nolana Open MRI Center, Inc. in the amount of Eighty-Nine Thousand Nine Hundred Twenty Five and 81/100 ($89,925.81); and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. each have and recover judgment against Nolana Open MRI Center, Inc. pre-judgment

interest on their respective awards at the rate of 5% per year from February 25, 2011, until rendition of this judgment; and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. have and recover judgment against Nolana Open MRI Center, Inc. Three Hundred Sixty Thousand Eight Hundred Eighty One Dollars and 55/100 ($360,881.55) as reasonable and necessary attorney's fees and expenses; and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. have and recover judgment against Nolana Open MRI Center, Inc. a conditional award of Ten Thousand Dollars and 00/100 ($10,000.00) as reasonable and necessary attorney's fees in the event of Nolana Open MRI Center, Inc.'s unsuccessful motion for new trial to the trial court; and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. have and recover judgment against Nolana Open MRI Center, Inc. a conditional award of Thirty Thousand Dollars and 00/100 ($30,000.00) as reasonable and necessary attorney's fees in the event of Nolana Open MRI Center, Inc.'s unsuccessful appeal to the Court of Appeals; and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. have and recover judgment against Nolana Open MRI Center, Inc. a conditional award of Thirty Thousand Dollars and 00/100 ($30,000.00) as reasonable and necessary attorney's fees in the event of Nolana Open MRI Center, Inc.'s further unsuccessful appeal to the Texas Supreme Court; and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. have and recover judgment for court costs against Nolana Open MRI Center, Inc.; and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. have and recover judgment against Nolana Open MRI Center, Inc. post-judgment interest at the rate of 5% per year on the total judgment from the date of judgment until paid; and

It is further ORDERED, ADJUDGED, AND DECREED that all claims and causes of action asserted by Nolana Open MRI Center, Inc.'s against

Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. are frivolous and brought in bad faith and for purposes of harassment in violation of Rule 13, Texas Rules of Civil Procedure, and Chapter 9, Texas Civil Practice & Remedies Code, and that Nolana Open MRI Center, Inc. take nothing on its claims and causes of action against Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc.; and

It is further ORDERED, ADJUDGED and DECREED that Maple Star Orthopedics, Inc. shall have all rights, title and interest in Nolana Open MRI Center, Inc.'s accounts receivables; and

It is further ORDERED, ADJUDGED and DECREED that Nolana Open MRI Center, Inc. and its principals, officers, directors, agents, employees, representatives, attorneys, and all those acting in concert therewith, including without limitation Jose "Joe" Castro and Agustin "Gus" Garcia, are hereby permanently enjoined from collecting, using, converting, wasting, concealing, or otherwise disposing of any of Nolana Open MRI Center, Inc.'s accounts receivables. Any and all of Nolana Open MRI Center, Inc.'s accounts receivables received by Nolana Open MRI Center, Inc. and/or its principals, officers, directors, agents, employees, representatives, attorneys, and all those acting in concert therewith shall be immediately delivered to Maple Star Orthopedics, Inc., Attn: Guillermo Pechero. M.D. at 1005 E. Nolana Loop, McAllen, Texas 78504. Maple Star Orthopedics, Inc. and its designated agents, representatives, and/or attorneys may contact any person or entity owing any monies on Nolana Open MRI Center, Inc.'s accounts receivables and direct such persons or entities to pay any and all amounts owed to Nolana Open MRI Center, Inc. directly to Maple Star Orthopedics, Inc. pursuant to this Final Judgment; and

It is further ORDERED, ADJUDGED and DECREED that the District Clerk shall refund the cash bond deposited into the registry of the Court pursuant to the Temporary Restraining Order entered April 12, 2012, and issue one check payable to KITTLEMAN, THOMAS & GONZALES, PLLC-TRUST ACCOUNT, in the amount of $1,000.00 and release said check to counsel, Kittleman, Thomas & Gonzales, PLLC; and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. are awarded any and all other injunction bonds and/or cash bonds filed by Nolana Open MRI Center, Inc. in this cause and the District Clerk is ordered to issue any checks for such amounts payable to KITTLEMAN, THOMAS & GONZALES, PLLC TRUST ACCOUNT and release said check to counsel, Kittleman, Thomas & Gonzales, PLLC; and

It is further ORDERED, ADJUDGED and DECREED that Guillermo Pechero, Ruben Pechero, and Maple Star Orthopedics, Inc. shall have all writs of execution and other process necessary to enforce this judgment.

This judgment disposes of all parties and all claims in this cause, and is final and appealable. All relief not expressly granted herein is denied.

This appeal ensued. On February 27, 2014, appellees filed a motion to show authority alleging that Nolana's appellate counsel lacked the authority to bring this appeal. According to their motion, Nolana's appellate counsel informed the trial court that they were not authorized to represent Nolana in the underlying suit. On March 13, 2014, appellant filed a response stating that Garcia was an officer, director, and part owner of Nolana, and that Garcia and Castro authorized the bringing of this lawsuit. "The fact that Mr. Castro who was never a party to this case in the trial court, but settled his personal claims without the benefit of counsel . . . has no bearing on the right of appellant to go forward with this restricted appeal. . . ." On March 19, 2014, appellees filed a reply to the response.

In light of the foregoing sequence of events, this Court abated and remanded this matter to the trial court for findings of fact and conclusions of law regarding the authority of counsel for Nolana to prosecute this appeal. At the hearing, Garcia testified that he owned Nolana equally with Castro and that Nolana was in good standing with the State of Texas. Garcia confirmed that he had retained counsel to represent Nolana to prosecute this appeal.

Exhibits introduced into evidence at the abatement hearing indicate that Nolana Open MRI Center, Inc. had its authority to transact business in Texas revoked on February 21, 2014 for failing to pay a franchise tax return and/or pay state franchise tax;

11

Garcia as "director" applied for reinstatement and, on April 23, 2014, was reinstated to active status and was eligible for reinstatement through May 15, 2015.

Counsel for Nolana further introduced a "Partnership Agreement" made by "Nolana Open MRI Inc. DBA Nolan Open MRI Services; a Texas Limited Partnership (Company) and its members Agustin G. Garcia and Joe Castro (JD Surgical Associates)." This agreement provides:

> The Members have the right to manage the Company's business. The Members may delegate to another person the authority to perform specified acts on behalf of the Company. If a Member dies or is unable to act, the Company will be managed by the remaining member or by the person the deceased Member last designated in writing to manage the Company. That person will have full authority to jointly manage the Company.

Counsel for Nolana contended that this agreement illustrated Garcia's authority to retain counsel; however, the actual entity involved in this lawsuit and appeal is Nolana Open MRI Center, Inc. Upon abatement, the trial court entered an order stating, in pertinent part, as follows:

FINDINGS OF FACT

1. Nolana MRI is a Texas corporation. There exists a question as to the corporation's standing with the State of Texas.

2. On March 20, 2013, the Court permitted Javier Villalobos to withdraw as counsel for Nolana MRI. At the time the motion to withdraw was granted, no substitute attorney appeared to represent Nolana MRA.

3. Jose Castro has a 50% ownership interest in Nolana MRI, a Texas corporation.

4. Jose Castro did not consent to Counselors filing a notice of appeal or prosecuting an appeal on Nolana MRI's behalf.

5. Agustin Garcia did have a 50% ownership in Nolana MRI.

12

6.	On April 11, 2013, Jose Castro entered into a valid and enforceable agreement with Movants entitled, Settlement Agreement and Mutual Release ("the Settlement"). Under the Settlement, Castro irrevocably granted Movants a limited power of attorney to vote his interest in Nolana MRI for the purpose of (1) opposing Nolana MRI's prosecution or defense in this proceeding; (2) opposing Nolana MRI's retention of new counsel in this proceeding; and (3) opposing any appeal by Nolana MRI in this proceeding. Movants did not authorize Counselors to either file a notice of appeal or prosecute an appeal on Nolana MRI's behalf. Agustin Garcia did.

7.	On April 15, 2013, Movants filed a verified motion to show authority. The Court permitted Counselors to make appearances on Nolana MRI's behalf on this date.

8.	On April 16, 2013, Raul Medina formally filed a notice to appear as co-counsel for Nolana MRI. In this notice, Medina represented that his co-counsel would be Jesus Villalobos Jr.

9.	On April 18, 2013, the Court permitted Counselors to appear on Nolana MRI's behalf. On the same date, the Court granted Counselor's request to withdraw as Nolana MRI's attorneys and forewent deciding the merits of Movants' motion to show authority because the motion had been rendered moot.

10.	On October 14, 2013, Counselors filed a Notice of Restricted Appeal, wherein they asserted that the Court did not permit them to participate at the April 18 trial in this case. In fact, Counselors asked to withdraw and their request was granted.

11.	On March 13, 2014, Counselors filed a Response to Motion to Show Authority with the Thirteenth Court of Appeals, wherein Counselors asserted that this Court did not permit them to appear on Nolana MRI's behalf on April 15, 2013. In fact, Counselors did appear on behalf of Nolana MRI and then requested to withdraw.

12.	On April 29, 2014, pursuant to an order form the Thirteenth Court of Appeals, the Court held a hearing ("the abatement hearing") where it heard argument and received evidence relating to the motion to show authority. At this hearing, Counselors marked as "Exhibit 3" a document that they purported was Nolana MRI's operating agreement ("the Agreement").

CONCLUSIONS OF LAW

1. The Court concludes that it has an insufficient basis for finding that the Agreement is applicable to Nolana MRI and that the Agreement is ambiguous as to whether one member may unilaterally retain legal counsel for Nolana MRI.

2. The Court concludes that the Agreement is ambiguous as to whether a member with a non-majority interest in Nolana MRI can make management and delegation decisions for Nolana MRI. The conclusion is that there is a 50-50 split in ownership of this corporation. Therefore, it would be a draw with respect to authority to appeal on behalf of Nolana MRI.

4. On April 18, 2013, Counselors repeatedly stated to the Court that Garcia was incapable of authorizing Counselors to represent Nolana MRI in this proceeding ("the subject statements"). In considering the ambiguity in the agreement and Counselors' statements that Agustin Garcia was incapable of authorizing Counselors to represent Nolana MRI, the Court concludes that is the "tie breaker" as the Court has been given no justification to disregard these admissions.

## II. JURISDICTION

We are obligated to review sua sponte issues affecting our jurisdiction over an appeal. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). Standing is a component of subject-matter jurisdiction. *Douglas v. Delp*, 987 S.W.2d 879, 882 (Tex. 1999); *Martin v. Clinical Pathology Labs., Inc.*, 343 S.W.3d 885, 887–88 (Tex. App.—Dallas 2011, pet. denied); *see also DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) ("A court has no jurisdiction over a claim made by a plaintiff without standing to assert it.") (footnote omitted). The issue of standing cannot be waived, and we may examine standing sua sponte if necessary. *See Martin*, 343 S.W.3d at 888; *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993) (noting that standing "may be raised for the first time on appeal by the parties or by the court").

14

When an appellate court concludes that it does not have jurisdiction over an appeal, it must dismiss the appeal. *M.O. Dental Lab*, 139 S.W.3d at 673.

### III. MOTION TO SHOW AUTHORITY

There is a general presumption that an attorney is acting with authority; however, that presumption is rebuttable. *Breceda v. Whi*, 187 S.W.3d 148, 152 (Tex. App.—El Paso 2006, no pet.); *Kelly v. Murphy*, 630 S.W.2d 759, 761 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.). Rule 12 of the Texas Rules of Civil Procedure permits any party to challenge an attorney's authority to prosecute or defend a lawsuit:

> A party in a suit or proceeding pending in a court of this state may, by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court and show his authority to act. The notice of the motion shall be served upon the challenged attorney at least ten days before the hearing on the motion. At the hearing on the motion, the burden of proof shall be upon the challenged attorney to show sufficient authority to prosecute or defend the suit on behalf of the other party. Upon his failure to show such authority, the court shall refuse to permit the attorney to appear in the cause, and shall strike the pleadings if no person who is authorized to prosecute or defend appears. The motion may be heard and determined at any time before the parties have announced ready for trial, but the trial shall not be unnecessarily continued or delayed for the hearing.

TEX. R. CIV. P. 12; *see Kindle v. Wood Cnty. Elec. Co-op, Inc.*, 151 S.W.3d 206, 210 (Tex. App.—Tyler 2004, pet. denied). The Rule's primary purpose is to enforce a party's right to know who authorized the suit. *Angelina Cnty. v. McFarland*, 374 S.W.2d 417, 422–23 (Tex. 1964); *In re Sassin*, No. 08-12-00308-CV, 2014 WL 3385106, at *3 (Tex. App.—El Paso July 11, 2014, orig. proceeding). Rule 12's purpose is also to discourage and cause the dismissal of suits brought without authority so as to protect parties from groundless suits. *See In re Gravitt*, 371 S.W.3d 465, 469 (Tex. App.—Houston [14th

15

Dist.] 2012 [mand. denied], orig. proceeding).

The challenged attorney must appear before the trial court to show his authority to act on behalf of his client. TEX. R. CIV. P. 12; *R.H. v. Smith*, 339 S.W.3d 756, 762 (Tex. App.—Dallas 2011, no pet.); *Boudreau v. Fed. Trust Bank*, 115 S.W.3d 740, 741 (Tex. App.—Dallas 2003, pet. denied). At the hearing on the motion, the challenged attorney bears the burden of proof to show the requisite authority. *Smith*, 339 S.W.3d at 762; *Boudreau*, 115 S.W.3d at 741. When resolving the motion, the trial court considers and weighs the evidence presented at the hearing. *In re Guardianship of Benavides*, 403 S.W.3d 370, 376 (Tex. App.—San Antonio 2013, pet. denied); *Smith*, 339 S.W.3d at 762–63. Typically, a challenged attorney satisfies his burden if he produces an affidavit or testimony from his client indicating the attorney was retained to provide representation in the case. See *Boudreau*, 115 S.W.3d at 742; *Spigener v. Wallis*, 80 S.W.3d 174, 184 (Tex. App.—Waco 2002, no pet.).

Appellate courts review a trial court's ruling on a motion to show authority for an abuse of discretion. *Urbish v. 127th Jud. Dist. Court*, 708 S.W.2d 429, 432 (Tex. 1986); *In re Guardianship of Benavides*, 403 S.W.3d at 373; *Smith*, 339 S.W.3d at 762. A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). A trial court also abuses its discretion by failing to analyze or apply the law correctly. *Iliff*, 339 S.W.3d at 78; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). With respect to factual findings, an appellate court may not substitute its own judgment for that of the trial court. *City of Dallas v. Vanesko*, 189 S.W.3d 769, 771 (Tex. 2006); *In re*

16

*Guardianship of Benavides*, 403 S.W.3d at 373. Instead, a party challenging those findings must establish that the trial court could have reached only one decision. *See id.* (citing *Walker*, 827 S.W.2d at 840); *In re Guardianship of Benavides*, 403 S.W.3d at 373.

## IV. ANALYSIS

The fundamental issue in dispute is whether Garcia had the authority to hire counsel to represent Nolana in this appeal. Garcia and Castro are equal owners of Nolana, and Castro did not consent to hiring counsel or prosecuting this appeal. Given that the equal owners did not agree, there was neither unanimous consent nor a majority vote to authorize this litigation. The partnership agreement introduced into evidence at the hearing on abatement references a different entity than that involved in this lawsuit, but even so, does not address the situation here, where the two owners and members of the entity disagree regarding a business matter. The record is effectively devoid of evidence or argument regarding application of the Texas Business Organizations Code.[2] There was no proof in this case of any of the provisions of the corporate charter or by-laws, and there was no attempt to prove that one or the other member of the corporation, as member or officer or shareholder, had invested Garcia with the authority to hire counsel and conduct litigation on the part of Nolana where its members were in conflict. In this regard, we note that, generally, the pursuit of litigation is not considered to fall within the parameters of the ordinary course of business so as to authorize one member of a

---

[2] As recently stated by the Texas Supreme Court, ordinarily, a corporation must be managed by a board of directors. *Ritchie v. Rupe*, 443 S.W.3d 856, 869 n.12 (Tex. 2014) (citing TEX. BUS. ORGS. CODE ANN. § 21.401(a) (West, Westlaw through 2013 3d C.S.)). Under certain circumstances, however, corporations may be managed directly by shareholders. *See id.* (citing TEX. BUS. ORGS. CODE ANN. §§ 21.101(a)(2), 21.714(b)(1),(2) (West, Westlaw through 2013 3d C.S.)). In such cases, the persons or entities managing the corporation act in the capacity of directors and are treated as directors. *Id.* (citing TEX. BUS. ORGS. CODE ANN. §§ 21.106(a)–(b), 21.725–.726(a) (West, Westlaw through 2013 3d C.S.)).

17

corporation to direct the action of filing suit or appeal. *Kiepfer v. Beller*, 944 F.2d 1213, 1218 (5th Cir. 1991); *Harrison v. City of San Antonio*, 695 S.W.2d 271, 275 (Tex. App.—San Antonio 1985, no writ); *Robert Nanney Chevrolet Co. v. Evans & Moses*, 601 S.W.2d 411, 413 (Tex. Civ. App.—Beaumont 1980, no writ); *Capital Bank v. Am. Eyewear, Inc.*, 597 S.W.2d 17, 20 (Tex. Civ. App.—Dallas 1980, no writ); *Valley Int'l Props., Inc. v. Brownsville Sav. and Loan Ass'n*, 581 S.W.2d 222, 227 (Tex. Civ. App.—Corpus Christi 1979, no writ); *Square 67 Dev. Corp. v. Red Oak State Bank*, 559 S.W.2d 136, 138 (Tex. Civ. App.—Waco 1977, writ ref'd); *Templeton v. Nocona Hills Owners Ass'n, Inc.*, 555 S.W.2d 534, 538 (Tex. Civ. App.—Texarkana 1977, no writ); *see In re CorrLine Int'l, LLC*, 516 B.R. 106, 138 (Bankr. S.D. Tex. 2014); *see also St. Star Designs, LLC v. Gregory*, No. H–11–0915, 2011 WL 3925070, at *3 (S.D. Tex. Sept. 7, 2011). The same is true of equal shareholders. *See Kaspar v. Thorne*, 755 S.W.2d 151, 154 (Tex. Civ. App.—Dallas 1988, no writ).

As stated previously, we generally presume that an attorney is acting with authority. *See Breceda*, 187 S.W.3d at 152. However, in this case, the presumption that Nolana's counsel had the authority to represent Nolana on appeal has been rebutted by the trial court's multiple findings of fact and conclusions of law, which are supported by the record, that Garcia did not have the authority to unilaterally retain counsel to represent Nolana. We hold, therefore, that counsel for Nolana lacked standing to bring this appeal. *See id.*

## IV. CONCLUSION

Based on the foregoing, we grant appellees' motion to show authority insofar as it requests that we determine whether or not Nolana's counsel possessed authority to prosecute this appeal and to dismiss this appeal for lack of jurisdiction. Accordingly, we dismiss this cause for lack of jurisdiction.

GREGORY T. PERKES
JUSTICE

Delivered and filed the
12th day of February, 2015.