ACCEPTED
06-15-00086-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/10/2015 2:40:20 PM
DEBBIE AUTREY
CLERK

# SHEEHY, LOVELACE & MAYFIELD, P. C.

ATTORNEYS AND COUNSELORS AT LAW

*Established 1893*

**E. ALAN BENNETT**

**BOARD CERTIFIED®**
Texas Board of Legal Specialization

CRIMINAL APPELLATE LAW
CRIMINAL LAW

510 N. VALLEY MILLS DRIVE
SUITE 500
WACO, TEXAS 76710

TELEPHONE (254) 772-8022
FACSIMILE (254) 772-9297

E-MAIL abennett@slmpc.com

RECEIVED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

12/10/2015 2:40:20 PM

DEBBIE AUTREY
Clerk

December 10, 2015

Debbie Autrey, Clerk
Sixth Court of Appeals
100 North State Line Ave., Ste. 20
Texarkana, Texas 76701

Re:  Cause No. 06-15-00086-CV; In re Tyndell;
In the Sixth Court of Appeals

Dear Ms. Autrey:

Please accept this as my post-submission letter brief in the above cause and bring it to the attention of the justices at your earliest convenience.

In this post-submission letter brief, counsel provides citations to four additional authorities referenced in oral argument that were not cited in the relator's petition with a brief statement of the legal principles for which the cases are cited.

*In re China Oil and Gas Pipeline Bureau*, 94 S.W.3d 50, 63-64 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding)

> This case stands for the proposition that in a mandamus proceeding an appellate court cannot consider any and every factual or legal basis that might support the trial court's decision. Rather, the appellate court must restrict its review to the specific bases recited for the decision under review.

In the *China Oil* decision, corporate shareholders filed suit against a Chinese business entity for breach of a joint venture agreement, breach of fiduciary duty and fraud. After the plaintiffs obtained a default judgment, China Oil moved to vacated the judgment on numerous grounds including immunity under the Foreign Sovereigns Immunities Act (FSIA). The trial court ruled that China Oil had waived immunity under the FSIA. In this mandamus proceeding, China Oil claimed that the trial court abused its discretion because: (1) it had not waived immunity under the FSIA; and (2) even if waiver did not apply, it was entitled to immunity under the commercial activities exception to the FSIA. However, the Court refused to address the second argument because "the trial court did not base its decision on this ground." *Id.* at 64.

China Oil cited *Point Lookout West, Inc. v. Whorton*, 742 S.W.2d 277, 279 (Tex. 1987), for the proposition that the trial court's decision on the claim of immunity under the FSIA must be upheld under any legal theory supported by the evidence.

However, the Fourteenth Court rejected this contention and expressly held that this is not the appropriate standard of review for a mandamus proceeding. Instead, it is the appropriate standard of review for an appeal following a bench trial when no findings of fact or conclusions of law are requested.

*China Oil*, 94 S.W.3d at 64.

*Breceda v. Whi*, 187 S.W.3d 148 (Tex. App.—El Paso 2006, no pet.)

In *Breceda*, the El Paso Court addressed the attorney-client relationship and explained how the actions of an attorney are not always binding on the client.

> The attorney-client relationship is one of agent and principal; the acts of the former ordinarily binds the latter. Generally, within

these roles, every reasonable presumption is to be indulged in favor of the attorney duly employed. The most important presumption of agency is that the agent acts in accordance with the wishes of the principal. However, when the evidence reveals that the attorney did not have the client's authority to agree, the agreement will not be enforced. *Ebner*, 27 S.W.3d at 300; *see Cleere*, 605 S.W.2d at 296; *see also Kelly v. Murphy*, 630 S.W.2d 759, 761 (Tex. App.-Houston [1st Dist.] 1982, writ ref'd n.r.e.) (although attorney is presumed to be acting within authority given by clients, presumption is rebuttable); *Southwestern Bell Tel. Co. v. Vidrine*, 610 S.W.2d 803, 805 (Tex. Civ. App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.) ("mere employment of counsel does not clothe the counsel with authority to settle the cause without the specific consent of the client"). Thus, the presumption of authority of the attorney is a rebuttable one.

*Breceda*, 187 S.W.3d at 152 (some citation omitted)

*Garza v. Tex. Dep't of Human Servs.*, 757 S.W.2d 44 (Tex. App.—San Antonio 1988, writ denied)

The Real Parties in Interest cite *Garza* in their response. Counsel for Relator briefly referred to *Garza* in argument as an example of the sort of bad faith or manipulation that can justify the denial of a motion to transfer venue under Section 155.201.

In *Garza*, the mother filed a separate divorce petition on the day of trial of a suit by CPS to terminate her parental rights. She requested a transfer of venue that morning. Bad faith and manipulation of the system are evident in *Garza*. The mother had previously filed a cross-action for divorce in the termination suit but non-suited the cross-action on the day of trial. She sought to transfer the SAPCR to another district court in the same county. The district court presiding over the SAPCR had subject-matter jurisdiction of her cross-action for divorce. Therefore, the district court was certainly within its discretion under

those facts to find that she filed the new divorce petition and motion to transfer in an attempt to delay the termination suit and manipulate the proceedings.

The facts of Tyndell's case do not support a similar finding of bad faith or manipulation.

*Huey v. Huey*, 200 S.W.3d 851 (Tex. App.—Dallas 2006)

Respondent referred to the *Huey* decision when he announced his ruling and counsel for Relator briefly mentioned it in argument. *Huey* provides yet another example of the sort of bad faith or manipulation that can justify the denial of a motion to transfer venue under Section 155.201.

In *Huey*, the mother moved the children to a different county in violation of the residency restrictions of the parties' divorce decree to establish venue under the 6-month residence provision of Section 155.201(b). The trial court denied her motion to transfer venue.

The Dallas Court affirmed because: (1) the mother's conduct of moving the children without first seeking a modification of the divorce decree "directly contravenes" the decree; (2) to permit a transfer under these circumstances would encourage similarly situated litigants to willfully disregard residency restrictions in divorce decrees; and (3) compelling the requested transfer would promote impermissible forum shopping.

As counsel for Relator argued, *Huey* is distinguishable primarily because Relator did not engage in any unlawful conduct or violate any extant court order to create proper venue in Jefferson County, where the divorce suit is pending. Rather, Relator has been a resident of Jefferson County for over four years and venue of her divorce suit is undisputedly proper there.

Respectfully submitted,


   */s/ Alan Bennett*
E. Alan Bennett

xc:    Georganna L. Simpson (via email)