

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00208-CV

**DAVIE CARTER WESTMORELAND,**

**Appellant**

**v.**

**AIA HOLDINGS INC., INTERNATIONAL FIDELITY INSURANCE COMPANY, AND ALLEGHENY CASUALTY COMPANY,**

**Appellees**

---

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 15-001757-CV-85**

---

## MEMORANDUM  OPINION

---

Davie Westmoreland appeals from a purportedly agreed final judgment that awarded AIA Holdings, Inc., International Fidelity Insurance Co., and Allegheny Casualty Company a judgment against her for $350,000. Westmoreland complains that the agreed judgment should not have been signed by the trial court when he did because she did not consent to it and there were no pleadings on file to enforce the purportedly

agreed settlement agreement. Because we find no reversible error, we affirm the judgment of the trial court.

In September of 2016, during the pendency of this litigation, the parties attended a mediation which resulted in a "Memorandum of Agreement." Based on the mediation, the attorneys for AIA Holdings, International Fidelity, Allegheny Casualty, and Westmoreland entered into an agreement entitled "IRREVOCABLE STIPULATION AND RULE 11 SETTLEMENT AGREEMENT" in October of 2016. In the agreement, the parties "stipulate and irrevocably agree" that Westmoreland would pay $350,000 to the insurance companies on or before March 15, 2018 and if the amount was not paid by that date, an attached agreed judgment would be presented to and rendered by the trial court for that amount. That document was signed by Westmoreland's trial counsel on her behalf. The trial court approved the parties' agreement to delay further proceedings until March of 2018.

Westmoreland did not comply with the agreement. On April 12, 2018, the attorneys for the insurance companies submitted the agreed final judgment to the trial court and the trial court signed the final judgment on April 18, 2018. The agreed final judgment had been signed by Westmoreland's attorney on her behalf as well. Thirty days later, Westmoreland filed a motion for new trial, alleging for the first time that she had not consented to the order and asked that the final judgment be set aside. Although Westmoreland requested a hearing on her motion for new trial, it was not set for hearing

and was denied by operation of law.[1]

Westmoreland complains that the trial court erred by denying her motion for new trial because she did not consent to the judgment at the time it was signed as evidenced in part by the lack of her signature on the Rule 11 agreement and the agreed judgment. The insurance companies contend that her attorney's signature on the judgment was sufficient to evidence her agreement and Westmoreland did not notify the trial court that she had withdrawn her consent to the judgment prior to the trial court signing the judgment.

"Generally, a court will indulge every reasonable presumption to support a settlement agreement made by a duly employed attorney." *Ebner v. First State Bank of Smithville*, 27 S.W.3d 287, 300 (Tex. App.—Austin 2000, pet. denied); *see also Breceda v. Whi*, 187 S.W.3d 148, 152 (Tex. App.—El Paso 2006, no pet.) ("Generally, within these roles, every reasonable presumption is to be indulged in favor of the attorney duly employed."); *Behzadpour v. Bonton*, No. 14-09-01014-CV, 2011 Tex. App. LEXIS 565, 2011 WL 304079, at *3 n.2 (Tex. App.—Houston [14th Dist.] Jan. 27, 2011, no pet.) (mem. op.) ("An attorney retained for litigation is presumed to possess actual authority to enter into a settlement on behalf of a client."). However, this presumption may be rebutted by "affirmative proof that the client did not authorize his attorney to enter into the

---

[1] Westmoreland contends that the trial court refused to set the motion for new trial for a hearing; however, the record does not support that contention and Westmoreland does not challenge the failure to conduct a hearing so that she could present evidence regarding her consent or lack thereof to the trial court.

settlement." *City of Roanoke v. Town of Westlake*, 111 S.W.3d 617, 629 (Tex. App.—Fort Worth 2003, pet. denied).

Additionally, it is well settled that an agreed judgment cannot be rendered when one party does not consent at the time judgment actually is rendered even if that party previously may have consented to the agreement. *See, e.g., Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006); *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288, 291 (Tex. 1951). A party may revoke his consent to settle a case any time before the judgment is rendered. *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983). However, a party's revocation of consent must, in some way, be made known to the trial court. *Miller v. Miller*, 721 S.W.2d 842, 844 (Tex. 1986).

The record before us, including the motion for new trial, establishes that the trial court was not informed of the alleged withdrawal of Westmoreland's consent to the settlement or the agreed judgment prior to the signing of the agreed judgment. Because the trial court did not have notice that Westmoreland's attorney was not authorized to agree to the settlement on Westmoreland's behalf or that Westmoreland had withdrawn her consent to the judgment at the time it was signed by the trial court in 2018, the trial court did not err when it signed the judgment in this proceeding.[2] We overrule

---

[2]This statement should not be construed to mean that there is anything in the record, or that this Court is of the opinion, that Westmoreland's attorney did not in fact have the authorization to consent to the settlement agreement and judgment on her behalf or that the attorney knew or had reason to know that Westmoreland's consent had been withdrawn at any time before the trial court signed the agreed judgment.

Westmoreland's sole issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Neill
Affirmed
Opinion delivered and filed January 8, 2020
[CV06]

